**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FULVIO FLETE-GARCIA,

    *Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE,

    *Defendant.*

Civil Action No. 19-1420 (RDM)

**MEMORANDUM OPINION AND ORDER**

Plaintiff Fulvio Flete-Garcia, a federal prisoner proceeding *pro se*, seeks the release of documents pertaining to his criminal conviction pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Dkt. 16 at 1–3, 5. Flete-Garcia's initial filing is styled as a motion for a preliminary injunction that contains within it various "complaint[s]." *See* Dkt. 16 at 1–3. Defendant the Department of Justice ("Department") moves to dismiss for lack of subject-matter jurisdiction and failure to state a claim, Dkt. 8 at 1, and opposes Flete-Garcia's motion for a preliminary injunction, *id.* at 5. For the reasons that follow, the Court will deny Defendant's motion to dismiss and will deny Flete-Garcia's motion for a preliminary injunction.

**I. BACKGROUND**

Between August 2018 and April 2019, Flete-Garcia appears to have submitted four FOIA requests to the Department seeking, *inter alia*, arrest records, investigatory reports, minutes and audio records of grand jury proceedings, transcripts and audio records from his initial court appearance, documents relating to his arraignment and a status conference, and discovery from

his criminal case.[1]  Dkt. 1-1 at 2–4 (Aug. 1, 2018 request), 7–10 (Aug. 1, 2018 request), 16 (Sept. 22, 2018 request), 31–32 (Apr. 18, 2019 request).  On August 30, 2018, the Department acknowledged receipt of one of Flete-Garcia's requests and informed him that, because it involved "voluminous records and/or requires consultation with another agency," it satisfied the "unusual circumstances" standard under 5 U.S.C. § 552(a)(6)(B)(i), and the Department therefore claimed entitlement to an additional ten days to process Flete-Garcia's request.  Dkt. 1-1 at 12.  On October 22, 2018, the Department acknowledged receipt of another of Flete-Garcia's requests and sought certification of Flete-Garcia's identity.  *Id.* at 18.  On October 31, 2018, Flete-Garcia submitted a certificate of identity.  *Id.* at 20–21.

On May 13, 2019, Flete-Garcia commenced the instant action and sought a preliminary injunction directing the Department to produce the requested documents.  *See* Dkt. 1.  That motion for a preliminary injunction contained within it two "complaint[s]."  Dkt. 1 at 1–3.  On July 31, 2019, the Department filed the pending motion to dismiss "for lack of subject matter jurisdiction and failure to state a claim," Dkt. 8 at 1, and, in substance, opposed Flete-Garcia's motion for a preliminary injunction, *id.* at 3–9 (applying the four-factor test to evaluate motions for a preliminary injunction).  On September 5, 2019, Flete-Garcia moved to amend or correct his complaint, seeking to add "missing pages" that had not been included in the version of the complaint initially docketed.  Dkt. 14 at 1.  The Court granted that motion, Minute Entry (Sept. 12, 2019), and deemed filed Flete-Garcia's amended complaint and motion for preliminary injunction, Dkt. 16.  The Court also gave the Department until September 18, 2019 to inform the

---

[1]  Plaintiff's complaint alleges that he mailed a FOIA request on July 12, 2018 as well.  Dkt. 16 at 2.  It is possible that Plaintiff's alleged July 2018 request refers to one of the documents dated August 1, 2018 included as exhibits to Plaintiff's initial complaint.  Dkt. 1-1.  The exact date of this first FOIA request does not affect the Court's analysis.

2

Court whether it intended to alter its motion to dismiss based on the amendment to Flete-Garcia's complaint and motion for a preliminary injunction. Minute Entry (Sept. 12, 2019). The Department informed the Court that it did not intend to do so, Dkt. 17. On October 21, 2019, Plaintiff filed a response to the Department's motion to dismiss, Dkt. 20; the Department has not filed a reply.

## II. ANALYSIS

### A. Motion to Dismiss

#### 1. *Lack of subject-matter jurisdiction*

First, the Department nominally moves to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), although the substance of its memorandum does not address subject-matter jurisdiction. *See id.* at 3–9. This Court has subject-matter jurisdiction over Plaintiff's FOIA action. *See* 28 U.S.C. § 1331; 5 U.S.C. § 552(a)(4)(B); *id.* § 552(a)(6)(A)(i) (allowing the agency 20 days to respond); *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018) ("[A] court must always assure itself of its subject-matter jurisdiction."). Accordingly, to the extent the Department moves to dismiss for lack of subject-matter jurisdiction, that motion is denied.

#### 2. *Failure to state a claim*

Second, the Department nominally moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. 8 at 1. Again, the Department's memorandum offers no argument on this score. *See id.* at 3–9. That motion is therefore also denied.

### 3. *Failure to comply with Local Rules*

The Department also argues that Flete-Garcia's motion should be "dismissed as defective" because he "failed to satisfy basic requirements to filing," such as including "a statement of points and authorities and a proposed order." Dkt. 8 at 5 (citing Local Rule 7). Consistent with the mandate to "construe *pro se* filings liberally," the Court denies that motion as well. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).

Accordingly, the Court will deny Defendant's motion to dismiss.

### B. Motion for a Preliminary Injunction

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) (quoting *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011)) (alteration in original). "[F]ailure to show a likelihood of irreparable harm remains, standing alone, sufficient to defeat [a] motion" for a preliminary injunction. *Navajo Nation v. Azar*, 292 F. Supp. 3d 508, 512 (D.D.C. 2018).

The Court will deny Flete-Garcia's motion for preliminary injunction because he has failed to make a clear showing that he will suffer irreparable harm in the absence of preliminary relief. Flete-Garcia argues that he will suffer irreparable harm if the injunction is not granted because "[t]he records are exculpatory in nature" and "will show that [he] is entitled to relief from a judgment of conviction" and release from custody. Dkt. 16 at 5. But "[a]ny alleged irreparable harm 'must be . . . actual and not theoretical.'" *Davis v. Billington*, 76 F. Supp. 3d

59, 65 (D.D.C. 2014) (quoting *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006)). At least on the present record, any connection between Flete-Garcia's FOIA request and his continued incarceration is highly speculative. *See Cayuga Nation v. Zinke*, 302 F. Supp. 3d 362, 373 (D.D.C. 2018) (denying preliminary injunction where claimed injuries were "speculative and dependent on the actions of third parties or even other courts" and the relief sought "would not necessarily prevent them from occurring"). Flete-Garcia's vague mention of "exculpatory" records, Dkt. 16 at 5, is far from a "clear showing" that those records would entitle him to release from custody. *Navajo Nation*, 292 F. Supp. 3d at 512 (quoting *Winter*, 555 U.S. at 22).

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendant's motion to dismiss, Dkt. 8, and **DENIES** Flete-Garcia's motion for a preliminary injunction, Dkt. 16.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: February 27, 2020